**In the Matter of John J. BOLAND, Sr., Deceased.**

**No. SC 85902.**

Supreme Court of Missouri,
En Banc.

Feb. 15, 2005.

James E. Hullverson, Jr., St. Louis, for appellant.

Michael E. Doyel, Edward C. Vancil, St. Louis, for respondent.

WILLIAM RAY PRICE, JR., Judge.

## I.

Mary Frances Halliday and John J. Boland, Sr., were divorced in 1981. The decree of dissolution required Mr. Boland to "keep in full force and effect life insurance" on himself for an amount no less than $50,000 and to designate Ms. Halliday irrevocably as the beneficiary during her lifetime. After Mr. Boland died, Ms. Halliday demanded the insurance proceeds but did not receive payment. She filed a claim against Mr. Boland's estate. The court denied the claim and Ms. Halliday appealed. The judgment is reversed and remanded.[1]

## II.

Mr. Boland and Ms. Halliday were married on April 22, 1975, and were divorced on July 9, 1981. Two days prior to their divorce they signed a separation agreement that was incorporated into their dissolution decree. Under the heading "Maintenance," the separation agreement provided in pertinent part:

> Additionally, Husband shall keep in full force and effect life insurance covering his life in the principal sum of not less than $50,000, upon which Wife is irrevocably designated as the beneficiary during her lifetime. Such life insurance shall not be payable to Wife in the event of her remarriage, prior to Husband's death. Husband shall exhibit to Wife, upon her reasonable request, at reasonable intervals, evidence that she continues to be designated irrevocably as the beneficiary on such policy of insurance.

Mr. Boland later unsuccessfully tried to modify the dissolution decree. *Halliday v. Boland*, 813 S.W.2d 34 (Mo.App.1991). He paid maintenance to Ms. Halliday until his death.

Mr. Boland died on February 15, 2003, and Ms. Halliday, who had not remarried, demanded the $50,000 insurance proceeds in accordance with the dissolution decree. The estate responded that, "due to the fact that the 1981 Divorce Decree has not been revived in accordance with Section 516.350, the provisions of the decree referencing the life insurance [are] not enforceable." Ms. Halliday prematurely filed a claim against Mr. Boland's estate in August 2003 for $50,000 plus interest, costs, and attorneys fees. His estate had not yet been opened, so her claim was refiled on September 25, 2003.

The estate argued that Ms. Halliday's exclusive remedy was through enforcement of the judgment. It claimed that the judgment was not timely revived pursuant

---

1. For a full discussion of issues related to this type of dispute, see Kelvin H. Dickinson, *Divorce and Life Insurance: Post Mortem Remedies for Breach of a Duty to Maintain a Policy for a Designated Beneficiary,* 61 Mo. L.Rev. 533 (1996).

to section 516.350, RSMo Cum.Supp.2003,[2] which establishes a rebuttable presumption that judgments are paid, in certain circumstances, after 10 years from their date of entry.

The court denied her claim against Mr. Boland's estate and Ms. Halliday appealed. She raised a constitutional challenge by alleging that the trial court retroactively applied section 516.350. Mo. Const. art. V, sec. 3. Her claim is otherwise resolved, and the constitutional question is not reached. *See Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 53 (Mo. banc 1999).

### III.

 Ms. Halliday's claim can be resolved by focusing on the language of section 516.350 and construing it in accordance with the principles of statutory interpretation. The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning. *Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240, 251 (Mo. banc 2003). Statutory construction should not be hyper technical but instead should be reasonable, logical, and should give meaning to the statutes. *Id.*

In its first subsection, section 516.350 creates a presumption of payment of judgments, with certain exceptions:

1. Every judgment, order or decree of any court of record ..., *except for any* judgment, order, or *decree awarding* child support or *maintenance* or dividing pension, retirement, life insurance, or other employee benefits *in connection with a dissolution of marriage*, legal separation or annulment *which mandates the making of payments over a period of time or payments in the future*, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid....

(emphasis added). The next two subsections of 516.350 attempt to complete the scheme by providing the presumptions of payment applicable for the exceptions created in subsection 516.350.1:

2. *In any judgment, order, or decree awarding child support or maintenance*, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 31, 1982.

3. *In any judgment, order, or decree dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment*, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This sub-

2. All further references to section 516.350 refer to RSMo Cum.Supp.2003.

section shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 28, 2001.

(emphasis added).

## IV.

The decree at issue was rendered in connection with a dissolution of marriage, awarded maintenance, and "mandate[d] the making of payments over a period of time or payments in the future." Sec. 516.350.1.[3] Mr. Boland's obligation to "keep in full force and effect life insurance covering his life in the principal sum of not less than $50,000" was listed by the parties under the heading "Maintenance" in their separation agreement and in the decree. Accordingly, the explicit exception of section 516.350.1 applies.

Subsection 1 excepts "any judgment, order, or decree awarding child support or maintenance . . . in connection with a dissolution of marriage, . . . which mandates the making of payments over a period of time or payments in the future" from the presumptive 10–year satisfaction period. In contrast, subsection 2 only applies to periodic payments, and it creates a new 10–year satisfaction period for "each periodic payment." Neither subsection 1 nor 2 provides a presumption for future child support or maintenance payments that are not periodic.

## V.

The requirement in the decree that Mr. Boland "shall keep in full force and effect life insurance covering his life" is clearly a continuing future obligation. Mr. Boland's failure to comply with the agreement or the decree at any time from the date of the agreement until his death is irrelevant to determining the applicable presumption of payment. What is relevant is that, on the date of his death, he had no insurance policy and was noncompliant. His last opportunity to bring himself into compliance would have been the date of his death.

If this is treated as the failure to make a single payment due on that date, subsection 1 exempts such a payment from the 10–year presumption, subsection 2 does not create a substitute presumption, and the claim is not barred. Alternatively, if this is treated as the failure to make the last of a series of periodic payments, subsection 2 applies, 10 years has not run from the due date, and the claim is not barred.[4]

## VI.

The judgment is reversed, and the case is remanded.

All concur.

---

**3.** For purposes of statutory interpretation:
 1. Whenever, in any statute, words importing the plural number are used in describing or referring to any matter, parties or persons, any single matter, party or person is included, although distributive words are not used.
 2. When any subject matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, are included.

Sec. 1.030, RSMo 2000. Thus, section 516.350.1 applies to "payment" or "payments" over a period of time or in the future.

**4.** Because subsections 2 and 3 include an identical presumption of payment, it is unnecessary to determine whether the obligation falls within subsection 3 of section 516.350, which applies to "any judgment, order, or decree dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage."