**David E. MILLER II, Appellant,**

v.

**Andrea N. MILLER, Respondent.**

**No. WD 66131.**

Missouri Court of Appeals,
Western District.

Jan. 2, 2007.

mission that he was under the influence of cocaine, methamphetamine, marijuana and barbiturates at that time.

Brent L. Winterberg, Kansas City, MO, for Appellant.

Andrea N. Miller, Raytown, MO, pro se.

Before SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

EDWIN H. SMITH, Judge.

David Miller appeals from the judgment of the Circuit Court of Jackson County dismissing his four-count "Motion to Modify Prior Judgment as to Support and Parenting Plan" for his failure to post a $10,000 bond as ordered by the court, pursuant to Section 452.455.4.[1] In Count I of his motion, the appellant sought a modification of his child support obligation to the respondent, Andrea Miller. In Count II, he sought various modifications of the court-approved parenting plan concerning legal custody of and visitation with the parties' unemancipated minor children. In Count III, he sought a judgment against the respondent for reimbursement of uncovered medical expenses, in accordance with the parties' court-approved parenting plan. In Count IV, he sought an award of attorney's fees, as provided in the parenting plan, with respect to his attempt in Count III to recover unreimbursed-uncovered medical expenses.

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in dismissing his motion to modify the court's child support decree and court-approved parenting plan for fail-ure to file a $10,000 bond, as ordered by the court pursuant to Section 452.455.4, because the trial court erroneously declared and applied the law with respect to Section 452.455.4, since by its express terms, that section only applies to motions to modify "child custody decree(s) . . . filed pursuant to Section 452.410 or sections 452.440 to 452.450," and his motion was not filed pursuant to "Section 452.410 or sections 452.440 to 452.450" and did not seek to modify the trial court's prior custody decree. In Point II, he claims that the trial court erred in dismissing his motion for failure to file a $10,000 bond, as ordered by the court pursuant to Section 452.455.4, because that section "violates Appellant and his minor children's constitutional guarantees of equal protection and due process."

We affirm, in part, and reverse and remand, in part.

### Facts

The parties were married on June 29, 1991, in Raytown, Jackson County, Missouri, and separated on or about May 10, 2002. Two children were born of the marriage: Nachelle Heritage Miller, d.o.b. March 1, 1995; and Conlan Delaney Miller, d.o.b. September 8, 1998.

The appellant filed a petition for dissolution of marriage in the Circuit Court of Jackson County, which was taken up and heard on January 8, 2003. The trial court entered its judgment dissolving the parties' marriage on January 21, 2003. The parties were awarded joint legal custody of the parties' two children, with the respondent being awarded sole physical custody and the appellant being awarded specific parenting time or visitation. The appellant was ordered to pay the respondent $891 per month in child support.

---

1. All statutory references are to RSMo 2000, unless otherwise specified.

On June 13, 2003, the appellant filed a motion to modify custody and support, which he voluntarily dismissed in January of 2004. On April 5, 2004, the appellant filed another motion to modify, and on August 9, 2004, a "Judgment Modifying Parenting Plan and Child Support" was entered. Pursuant to that judgment, the trial court's prior support decree was amended, reducing the appellant's child support obligation from $891 to $559 per month. In addition, the court amended the parties' court-approved parenting plan; however, the amendments only made minor changes to the visitation awarded to the appellant.

On May 10, 2005, the appellant filed his four-count "Motion to Modify Prior Judgment as to Support and Parenting Plan," seeking to modify the trial court's August 9, 2004 judgment. In response to the appellant's motion, the respondent, on July 25, 2005, filed "Respondent's Motion to Dismiss Pleadings of Petitioner and Suggestions in Support Thereof, and In The Alternative Answer to Motion to Modify Prior Judgment as to Support and Parenting Plan and Respondent's Request for Affirmative Relief." In her motion, the respondent alleged that, *inter alia*, the appellant owed her $20,074.44 in past-due child support, and hence:

pursuant to Missouri Revised Statute 452.455, [the appellant] should be required to post a bond of $20,074.44 prior to proceeding forward with this action. Missouri Revised Statute 452.455.4 specifically states that a person filing a petition for modification under Chapter 452, and the party filing the petition owes past due child support in excess of $10,000.00, the party shall post a bond in the amount of the past due child support.

On September 2, 2005, the respondent's motion to dismiss was taken up and heard. The trial court did not sustain the motion, but rather, finding that the appellant was in arrears in child support in excess of $10,000 and that Section 452.455.4 applied, ordered the appellant,[2] in accordance with Section 452.455.4, to post a bond of $10,000 within thirty days of the judgment or have his motion to modify dismissed.[3] The appellant did not post the bond as ordered, and on October 7, 2005, the trial court granted the respondent's motion to dismiss.

This appeal follows.

## I.

In Point I, the appellant claims that the trial court erred in dismissing his motion to modify the court's child support decree

**2.** The record does not indicate the date of the "judgment." It does reflect that the trial court purportedly signed an "amended" judgment on September 2, 2005, the same day as the hearing. That, of course, would mean that a judgment was entered on September 2, 2005, and then amended on the same date, which is not likely. Moreover, the judgment purportedly signed on September 2, 2005, clearly shows that the proposed amended judgment was not filed until October 18, 2005, some six weeks after it was purportedly signed. In any event, these anomalies in the record do not affect our analysis. The amendment referred to in the judgment simply corrected which party was to post the

bond from the respondent to the appellant. There is no claim on appeal that the failure to post the bond by the appellant was due to his not knowing that he was to file the bond in question.

**3.** Although Section 452.455.4 clearly mandates the filing of a bond "in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater," once the threshold arrearage amount of $10,000 is met, the trial court, without explanation, did not require a bond of $20,074.44, but of $10,000.

and court-approved parenting plan for failure to file a $10,000 bond, as ordered by the court pursuant to Section 452.455.4, because the trial court erroneously declared and applied the law with respect to Section 452.455.4, since by its express terms, that section only applies to motions to modify "child custody decree(s) ... filed pursuant to Section 452.410 or sections 452.440 to 452.450," and his motion was not filed pursuant to "Section 452.410 or sections 452.440 to 452.450" and did not seek to modify the trial court's prior custody decree. Specifically, he claims that Section 452.455.4 only applies to motions seeking to modify child custody decrees, "filed pursuant to Section 452.410 or sections 452.440 to 452.450," and did not apply to his motion in that his motion only sought to modify child support, pursuant to Section 452.370; visitation, pursuant to Section 452.400.2; and the parties' court-approved parenting plan, pursuant to Section 452.310.7.

In her motion to dismiss the appellant's motion to modify, the respondent alleged that, *inter alia*, because the appellant owed her $20,074.44 in child support arrearages, "pursuant to Missouri Revised Statute 452.455, [he] should be required to post a bond of $20,074.44 prior to proceeding forward with this action." Essentially, what the respondent alleged in her motion was that the trial court, absent the filing of a bond by the appellant, as required by Section 452.455.4, lacked personal jurisdiction or authority to proceed against her on the appellant's motion to modify because it sought to modify the court's prior custody decree concerning the parties' unemancipated minor children. In other words, she was alleging, in effect, that the filing of a bond, pursuant to Section 452.455.4, was a condition precedent to the trial court's acquiring personal jurisdiction over her as to the appellant's motion. The trial court

dismissed the appellant's motion to modify on October 7, 2005.

The appellant's claim, that Section 452.455.4 was erroneously applied to his motion, is predicated on his contentions that: (1) Section 452.455.4, by its terms, only applies to motions to modify child custody decrees under Section 452.410, which would not include motions to modify child support, as provided in Section 452.370; motions to modify visitation, as provided in Section 452.400.2; and motions to modify court-approved parenting plans; and (2) none of the four counts of his motion sought a modification of the trial court's prior custody decree, pursuant to Section 452.410. We will deal with each of these contentions in turn.

## A. Interpretation of Section 452.455.4

In resolving the appellant's first contention in support of his claim in this point, we are required to interpret Section 452.455.4, which has not been previously interpreted by our appellate courts. The interpretation of a statute and whether it applies to a given set of facts are questions of law, which we review *de novo*. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 23 (Mo. App.2005). In interpreting statutes, we are to ascertain the intent of the legislature and give effect to that intent, if possible. *In re Boland*, 155 S.W.3d 65, 67 (Mo.banc 2005). In ascertaining legislative intent, we are to give the language used its plain and ordinary meaning. *Id.* "If the intent of the legislature is clear and unambiguous, giving the language used its plain and ordinary meaning, then we do not resort to statutory construction. In determining legislative intent, we are to read the statute as a whole and *in pari materia* with related sections." *Scruggs v. Scruggs*, 161 S.W.3d 383, 390 (Mo.App. 2005) (citations omitted).

Section 452.455.4 reads:

When a person filing a petition for modification of a *child custody decree* owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, such person shall post a bond in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater, *before the filing of the petition.* The court shall hold the bond in escrow until the modification proceedings pursuant to this section have been concluded wherein such bond shall be transmitted to the division of child support enforcement for disbursement to the custodial parent.

■ (Emphasis added.) Giving the language of the statute its plain and ordinary meaning, it is clear that the posting of the bond in question is a condition precedent to the filing of the petition or motion for modification. In other words, before the trial court can take up and consider a qualifying petition or motion for modification, the bond required by Section 452.455.4 must be filed. This fact is made clear by the language of the statute that the bond must be filed "before the filing of the petition." Section 452.455.4. Hence, absent the filing of the requisite bond, a trial court would not have any authority to proceed on a qualifying motion under Section 452.455.4, or in other words, it would lack personal jurisdiction over the non-movant to proceed on the motion. *See State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 822 (Mo.banc 1994) (recognizing that: "Personal jurisdiction ... is about the authority of a court to render judgment over a particular defendant.").

The appellant does not dispute the fact that if Section 452.455.4 applied to one or more counts of his motion, the trial court was justified in dismissing that count or

counts for his refusal to post a bond of $10,000, as ordered by the court, pursuant to Section 452.455.4. However, he claims that Section 452.455.4 does not apply to any of the counts of his motion because its application is limited expressly to a "petition for a modification of a child custody decree," pursuant to Section 452.410, and his motion did not seek such a modification in either of its four counts. The appellant's interpretation of the statute and its application in this case is incorrect.

There is no language in Section 452.455.4 defining the phrase "child custody decree." However, Section 452.445, which expressly applies to Section 452.455.4, defines, in Section 452.445(3), a "custody decree" as: "a *custody determination* contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree. (Emphasis added.) "Custody determination" is defined in Section 452.445(1) as:

a court decision and court orders and instructions providing for the custody of a child, *including visitation rights.* This term does not include a decision relating to child support or any other monetary obligation of any person; but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support.

(Emphasis added.) Hence, inasmuch as the legislature is presumed to know the existing law when enacting or amending a statute, *Scruggs,* 161 S.W.3d at 391, in using the phrase "child custody decree" in Section 452.455.4, the legislature understood that the definition of that phrase, as found in Section 452.445(3), would, by the express terms of Section 452.445, apply such that it necessarily intended that the

bond requirement of Section 452.455.4 would apply not only to modifications of custody, pursuant to Section 452.410, both legal and physical, *see Sumnicht v. Sackman,* 968 S.W.2d 171, 176 (Mo.App.1998) (recognizing that Section 452.410 applies to motions to modify both legal and physical custody), but to modifications of visitation, pursuant to Section 452.400.2.

In claiming that the application of Section 452.455.4 is limited solely to modifications of child custody decrees, pursuant to Section 452.410, the appellant points to the fact that both Sections 452.455.1 and .2 reference only child custody decrees filed "under the provisions of section 452.410, or sections 452.440 to 452.450." Those subsections read:

1. Any petition for modification of child custody decrees filed under the provisions of section 452.410, or sections 452.440 to 452.450, shall be verified and, if the original proceeding originated in the State of Missouri, shall be filed in that original case, but service shall be obtained and responsive pleadings may be filed as in any original proceeding.

2. Before making a decree under the provisions of section 452.410, or sections 452.440 to 452.450, the litigants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child must be served in the manner provided by the rules of civil procedure and applicable court rules and may within thirty days after the date of service (forty-five days if service by publication) file a verified answer.

Sections 452.455.1; .2. Reading those subsections together with Section 452.455.4, the appellant contends that the legislature intended to limit the application of Section 452.455.4 to modifications of child custody, pursuant to Section 452.410.

We recognize that in interpreting a statute, we must consider it together with statutes relating to the same subject matter, or *in pari materia. Johnson v. Mo. Dep't of Corr.,* 166 S.W.3d 110, 113 (Mo. App.2005). Statutes which are considered *in pari materia* are intended to be read harmoniously and consistently. *Id.* However, we fail to see how the references in Sections 452.455.1 and .2 to "section 452.410, or sections 452.440 to 452.450" would result in our giving Section 452.455.4 the interpretation argued for by the appellant in this point.

The appellant's interpretation asks us to ignore the fact that by the express terms of Section 452.445, the legislature mandated that the definition of "custody decree" found therein is to apply to Section 452.455.4 so as to expressly include modifications of visitation, pursuant to Section 452.400.2, in the application of Section 452.455.4. This we cannot do in that it is well settled in the law that a definition provided in the statute being interpreted is binding on us in its interpretation. *Moses v. Carnahan,* 186 S.W.3d 889, 900 (Mo. App.2006). Logically, as applied, this principle is the surest way of determining what was meant by the use of a term or phrase in a statute. In any event, we fail to see how our interpretation of Section 452.455.4 would be altered by reading it together with Sections 452.455.1 and .2, specifically the language: "under the provisions of section 452.410, or sections 452.440 to 452.450."

The appellant's interpretation of Section 452.455.4 asks us, in effect, to overlay the language of Sections 452.455.1 and .2: "under the provisions of section 452.410, or sections 452.440 to 452.450" in our interpretation, thereby limiting the application of Section 452.455.4 solely to modifications of custody under Section 452.410. This approach, however, ignores, *inter alia,* the

fact that the language in question is written in the disjunctive, "or", *see State ex rel. Pub. Counsel v. Pub. Serv. Comm'n,* —— S.W.3d——, —— (Mo.App. W.D. 2006) (stating that "the disjunctive 'or' usually marks an alternative which generally corresponds to the word 'either' "), such that it necessarily refers to filings under two alternative statutory procedural scenarios: a petition for modification filed "under the provisions of section 452.410," *or* one filed "under the provisions of . . . sections 452.440 to 452.450." Thus, to limit the application of Section 452.455.4 solely to custody modifications under Section 452.410, by reading the language of Sections 452.455.1 and .2 *in pari materia* with the language of Section 452.455.4, as the appellant asks us to do, we would have to wholly ignore what the legislature intended in Sections 452.455.1 and .2 to be a second procedural scenario for the filing of a motion to modify a child custody decree. We, of course, cannot do that in that "every word, clause, sentence and provision of a statute must have effect," and "[i]t will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute." *In re Incorporation of Village of Table Rock,* 201 S.W.3d 543, 547 (Mo.App.2006) (internal quotation marks and citation omitted).

The appellant contends that the references to Section 452.410 and to Sections 452.440 to 452.450 in Sections 452.455.1 and .2 do not create a second procedural scenario for the filing of a motion to modify a child custody decree in that those sections "are only the definition and jurisdiction sections of Missouri's Uniform Child Custody Jurisdiction Act." In other words, by their terms, unlike Section 452.410, Sections 452.440 to 452.450 do not authorize the filing of a motion to modify, but simply set forth the definitional and jurisdictional framework for the filing of a motion otherwise statutorily authorized.

While we would agree generally with that proposition, in addressing the issue presented, the fact remains that the legislature clearly intended, by the language of Sections 452.455.1 and .2: "under the provisions of section 452.410, or sections 452.440 to 452.450" to include motions to modify, other than motions to modify under Section 452.410. If not, instead of referring to Section 452.410 and Sections 452.440 to 452.450 in the disjunctive, as it did, it would have referred to them in the conjunctive, replacing the "or" with an "and" such that the clear import would have been that it was simply referring to modifications of child custody decrees as authorized by Section 452.410, applying the definitional and jurisdictional provisions found in Sections 452.440 to 452.450, which apply to such modifications. That it did not do.

The reference to Sections 452.440 to 452.450 in Sections 452.445.1 and .2 only encompasses three sections, Sections 452.440, 452.445, and 452.550. Section 452.440 reads: "Sections 452.440 to 452.550 may be cited as the 'Uniform Child Custody Jurisdiction Act.'" Section 452.445 reads:

As used in sections 452.440 to 452.550:

(1) 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. This term does not include a decision relating to child support or any other monetary obligation of any person; but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support;

(2) 'Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an

action for dissolution of marriage, legal separation, separate maintenance, appointment of a guardian of the person, child neglect or abandonment, but excluding actions for violation of a state law or municipal ordinance;

(3) 'Decree' or 'custody decree' means a custody determination contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree;

(4) 'Home state' means the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period;

(5) 'Initial decree' means the first custody decree concerning a particular child;

(6) 'Litigant' means a person, including a parent, grandparent, or step-parent, who claims a right to custody or visitation with respect to a child.

Section 452.450 reads:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except as provided in subdivisions (3) and (4) of subsection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.

Hence, as the appellant asserts, Sections 452.440 to 452.450 do not authorize a motion to modify a child custody decree. However, Section 452.450.1 does reference a "child custody determination by initial or modification decree," which as we discuss, *supra*, a "custody determination" is defined by Section 452.445(1) as including court orders "providing for the

custody of a child, *including visitation rights.*" (Emphasis added.) And, while admittedly it would have been much clearer if the legislature would have simply referenced Section 452.400.2 if it intended to include motions to modify visitation decrees in Sections 452.455.1 and .2, it is clear to us that the legislature, in referencing Section 452.410 "or" Sections 452.440 to 452.450 in Sections 452.455.1 and .2, intended to reference motions to modify not only custody, pursuant to Section 452.410, but motions to modify visitation, pursuant to Section 452.400.2. Hence, in interpreting Section 452.455.4, even if we were to overlay the language of Sections 452.455.1 and .2 in question, our interpretation of Section 452.455.4 would be the same. If anything, interpreting Section 452.455.4 in light of the language of Sections 452.455.1 and .2 in question does not serve to clarify the issue presented, but simply confuses the issue such that, in any event, in interpreting Section 452.455.4, we would ultimately rely on the definition of a "custody decree" found in Section 452.445, as we are duty-bound to do so. *Moses,* 186 S.W.3d at 900.

■ Having determined that pursuant to the definition of a "custody decree" found in Section 452.445, made applicable to Section 452.455.4 by the legislature, application of Section 452.455.4 is limited to petitions or *motions to modify custody,* pursuant to Section 452.410, and visitation, pursuant to Section 452.400.2. Hence, as the appellant contends, it does not apply to modifications of child support obligations, governed by Section 452.370, which he sought in Count I of his motion, such that the trial court erred in dismissing that count for failure to file a bond in accordance with Section 452.455.4. The question is whether the appellant, in the remaining three counts, Counts II, III, and IV, was seeking modifications of the trial court's prior decree as to custody, pursuant to Section 452.410, or visitation, pursuant to Section 452.400.2, to which Section 452.455.4 would apply.

■ In Count II of his motion, entitled "Modification of the Parenting Plan," the appellant requested seven specific modifications of the trial court's prior decree. In that regard, he first sought to modify paragraph 3 of the "Weekly Schedule" for the appellant's visitation. By the express terms of the trial court's decree, the respondent was given sole physical custody of the parties' children, with visitation to the appellant. The appellant sought to modify paragraph 3 so that instead of his receiving parenting time or visitation "every other Monday evening, on the Monday night in which Jobie To Bee is scheduled, and for the purpose of attending the program with Nachelle," he would have parenting time or visitation "on the second and fourth Tuesday evening of each month for the purposes of attending Job's Daughter's with Nachelle." In seeking such a modification, he was clearly seeking to modify visitation, governed by Section 452.400.2, to which Section 452.455.4 applies.

In Count II, the appellant next sought a modification of the joint legal custody provisions of the parenting plan. The parties' were awarded joint legal custody and ordered generally to "share equally the significant decisions regarding the health, education, and welfare of the children," with specific guidelines being set forth in the parenting plan as to such decision-making. The appellant sought to include a paragraph in the joint legal custody provisions as to the location of Nachelle's bedroom. This request was prompted by Nachelle's having told the appellant that: "she feels 'separated' from the rest of the house and that it is 'scary'" to have her bedroom

located in the basement of the respondent's home, where the respondent's male renter also resides. To address that concern, the appellant sought to add a paragraph to the decree, providing that: "Nachelle's bedroom shall not be isolated on the same floor with a male renter, nor shall Nachelle's bedroom be so located as to isolate her from the rest of the family." In seeking such a modification, he was clearly seeking to modify the joint legal custody provisions of the parenting plan, governed by Section 452.410, to which Section 452.455.4 applies.

The appellant next sought in Count II further modification of the "Weekly Schedule" of visitation by adding a paragraph that:

Whenever one parent is not available to exercise his or her scheduled parenting time, but the other parent is available, the other parent shall be awarded that parenting time, but only until such time as the parent scheduled to have parenting time is again available to exercise his or her parenting time.

In seeking such a modification, he was clearly seeking to modify the "Weekly Schedule" of visitation, governed by Section 452.400.2, to which Section 452.455.4 applies.

The appellant next sought a further modification of the joint legal custody provisions of the parenting plan, specifically, modifying paragraph f, entitled *Medical Care—Routine*, to read:

Both parties shall provide for such routine health and dental care for the minor children as needed while in their physical custody, such as brushing their teeth, providing first aide [*sic*] for cuts and scrapes and other such matters which do not require outside health or dental professionals. For any and all medical, dental and vision needs for which the children are to be seen by a professional service provider, the parties shall discuss which parent will take the minor child for such heath [*sic*], dental or vision care needs. No third party shall be allowed to take the children to a health, dental or vision professional unless both parents so agree.

Section 452.455.4 clearly applies to this requested modification of the joint legal custody provisions of the parenting plan, which is governed by Section 452.410.

The last three modifications sought by the appellant in Count II were clearly modifications of visitation governed by Section 452.400.2. The appellant sought to modify the "Holiday Schedule" of visitation as to Easter, to change the times of visitation from: "at the time school is released until 5:30 p.m. Sunday" to "6:00 p.m. Friday to 5:30 p.m. Sunday." He also sought to modify the visitation schedule to include birthday visitations. And last, but not least, he sought to modify the "Summer Schedule" of visitation to change when he had to advise the respondent as to when he planned to exercise his summer parenting time. Section 452.455.4 applied to all three of these requested modifications of visitation.

Inasmuch as Section 452.455.4 clearly applied to all the various modifications requested in Count II of the appellant's motion, the trial court did not err in dismissing that count for the appellant's failure to file the bond required by Section 452.455.4. Due to the appellant's failure to file the bond, the trial court lacked any authority to proceed against the respondent on Count II of his motion, requiring dismissal.

■ As to the remaining counts of the appellant's motion, Counts III and IV, in Count III, he sought a judgment against the respondent for reimbursement of uncovered medical expenses, in accordance with the parties' court-approved parenting

plan, specifically paragraphs 2 and 3 of the "Health Insurance" provisions of the parties' parenting plan; and in Count IV, he sought an award of attorney's fees, as provided in paragraph 3.c of the "Health Insurance" provisions, with respect to his attempt in Count III to recover unreimbursed-uncovered medical expenses. Obviously, neither Count III nor Count IV sought a modification of custody, pursuant to Section 452.410, or of visitation, pursuant to Section 452.400.2. As such, Section 452.455.4 did not apply to those two counts, such that the trial court erred in dismissing them for the appellant's failure to file a bond in accordance with the statute.

In summary, for the reasons stated, the trial court did not erroneously declare and apply Section 452.455.4 in dismissing Count II of the appellant's motion, but did as to the remaining three counts, requiring us to affirm as to Count II, but reverse as to Counts I, III, and IV.

## II.

■ In Point II, the appellant claims that the trial court erred in dismissing his motion to modify for failure to file a $10,000 bond, as ordered by the court pursuant to Section 452.455.4, because that section "violates Appellant and his minor children's constitutional guarantees of equal protection and due process." As we discuss, *infra*, because the appellant failed to raise the issue of the constitutionality of Section 452.455.4 at the earliest opportunity, the issue is not preserved for appeal.

■ As stated in *Sharp v. Curators of the Univ. of Mo.*, 138 S.W.3d 735, 738 (Mo.App.2003):

If the appellant's claim regarding the constitutional validity of [the statute] has not been properly preserved for appellate review, jurisdiction would be in this Court, rather than the Supreme Court.... To properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process. Further, in order for the issue of the constitutional validity of a statute to be preserved for appellate review, the issue must not only have been presented to the trial court, but the trial court must have ruled thereon. And, the point raised on appeal must be based upon the theory advanced at the trial court.

(Internal quotations and citations omitted.) The record clearly reflects that the appellant failed to raise his constitutional attack on Section 452.455.4 at the earliest possible time.

In her motion to dismiss, which was filed on July 25, 2005, the respondent sought a dismissal of the appellant's motion to modify on the ground that he was in arrearage as to his child support obligation to her in excess of $10,000 such that "before filing" his petition, he was required, in accordance with Section 452.455.4, to file a bond in the amount of $20,074.44, the amount the appellant owed her in past-due child support. Upon receipt of the motion, the appellant was clearly put on notice that Section 452.455.4 was in play such that if he, in fact, believed that it was unconstitutional, that would have been the time to have raised it with the trial court, in order to comply with the preservation requirement that constitutional challenges to statutes must be raised at the earliest possible time. The appellant, however, challenged the constitutionality of Section 452.455.4 for the first time on appeal. Hence, that issue was not preserved for appeal. *Sharp*, 138 S.W.3d at 738.

## Conclusion

The circuit court's judgment dismissing Count II of the appellant's motion to modi-

fy, for failure to file a bond in accordance with Section 452.455.4, is affirmed, and its judgment dismissing Counts I, III, and IV of the motion, for failure to file a bond in accordance with Section 452.455.4, is reversed and remanded for further proceedings in accordance with this opinion.

SMART, P.J., and HARDWICK, J., concur.