**Judith ROACH, Appellant,**

v.

**Kevin L. HART, Respondent.**

**No. WD 67833.**

Missouri Court of Appeals, Western District.

April 1, 2008.

Bruce Bates, Jefferson City, for Appellant.

Kevin Hart, Kellyville, OK, pro se.

RONALD R. HOLLIGER, Judge.

Judith Roach ("Mother") appeals a child custody modification judgment transferring sole physical custody of the parties' minor child to Kevin Hart ("Father"). Mother first contends that the motion court lacked personal jurisdiction because Father failed to file a bond in the amount of his child support arrearages as required by section 452.455.4.[1] Her second point addresses whether there was substantial evidence for the court to find a change of circumstances to support modification of the prior custody order. We find that she waived her objection to jurisdiction under section 452.455.4 and that the court had sufficient evidence to support its custody change.

The judgment is affirmed.

Mother and Father were never married but produced one child born July 30, 1996. In 1997, the Division of Child Support Enforcement determined Hart to be the presumptive father and directed that child support be paid. In 2002, Mother filed a paternity action under Chapter 210 and sought an award of custody and modification of the child support award. After a trial in 2003, the court entered a judgment finding Hart to be the natural father and awarding sole legal and physical custody to Mother. Father was provided visitation and ordered to pay child support.

On October 11, 2005, Father filed a motion to modify the custody and child support provisions of the paternity judgment by awarding him sole custody of the child. His motion alleged a change in circumstances in that: (1) Mother had relocated several times and never notified Father of her current contact information, (2) Mother had been unable to maintain a stable environment for the child and had introduced many unknown and dangerous men into the child's life, (3) Mother was not providing for the child's basic needs, and (4) the child desired to live with Father. Mother filed an answer to this motion on November 21, 2005, admitting and denying the various paragraphs of Father's motion. She further alleged that Father had "unclean hands" because he was behind in child support, but did not allege an amount, make reference to section 452.455.4, or otherwise contest the court's jurisdiction to hear the matter.

Not until June 12, 2006, did Mother raise the issue of section 452.455.4, when she filed a motion to dismiss for lack of "subject matter jurisdiction." The only case discussing the statute is *Miller v. Miller*, 210 S.W.3d 439 (Mo.App. W.D. 2007). In that case, we described the legal effect of the statute as depriving the court of "personal jurisdiction" rather than subject matter jurisdiction. Mother now argues on appeal that the court lacked personal jurisdiction as described by *Miller*. Her objection comes too late. Personal jurisdiction is waived if not raised in a party's responsive pleading. Rule 55.27(g)[2]. Even if we were to consider her motion to dismiss for lack of subject matter jurisdiction to raise the issue, it came too late because it was filed over six months after Mother's answer.

In her second point, Mother contends that there was not substantial evidence of a change of circumstances or that this was in the best interests of the child that custody be granted to Father. In a court—tried case, the judgment will be affirmed unless

---

**1.** All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted.

**2.** All rules cited are Missouri Rules of Court (2007), unless otherwise noted.

it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In the argument portion of her brief, Mother acknowledges that the court made findings on the eight relevant factors listed in section 452.375.2. She addresses only two of those factors, one dealing with past allegations of abuse by Father against Mother and the testimony of the child as to living preferences. She does not even mention, let alone address, the other factors, all of which the court found in Father's favor. Her argument about the two factors mentioned is not addressed to the lack of evidence to support, as claimed in her point relied on, but instead to the weight attributed to the testimony by the trial court. This is not a point raised in her point relied on. Nor does she, in her argument, explain in detail why there is no change of circumstances. That portion of her argument is, therefore, abandoned. Rules 84.04(e) & 84.13(a). We give great deference to the trial court in determining the best interests of the child. *Bell v. Bell*, 125 S.W.3d 899, 903 (Mo.App. W.D.2004).

The judgment is affirmed.

VICTOR C. HOWARD, Chief Judge, and PAUL M. SPINDEN, Judge, concur.