**Tamara S. BURTON, Relator,**

v.

**Honorable Elizabeth W. SWANN, Associate Circuit Judge, 11th Judicial Circuit, St. Charles County, Missouri, Respondent.**

No. ED 91385.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

July 29, 2008.

Ira M. Berkowitz, Ira M. Berkowitz, LLC, St. Louis, MO, for relator.

Susan K. Roach, Melissa A. Featherston, The Roach Law Firm, Clayton, MO, for respondent.

KURT S. ODENWALD, Presiding Judge.

Tamara Burton ("Relator") filed a Petition for a Writ of Prohibition and/or Mandamus with this Court, seeking to prohibit Associate Circuit Judge Elizabeth W. Swann ("Respondent") from taking any further action, other than to enter an Order dismissing the Motion to Modify filed by Craig Burton ("Petitioner") in the underlying case of *Burton v. Burton,* filed in the Circuit Court of St. Charles County, Missouri, Case No. 00FC–126005–01. Relator contends that the trial court lacks jurisdiction to act on the Motion to Modify because the Petitioner failed to file the requisite bond under Section 452.455.4.[1] We previously issued a Preliminary Order in Prohibition. The Preliminary Order in Prohibition is made absolute with regard to that portion of Petitioner's Motion to Modify relating to child custody. The Preliminary Order in Prohibition is quashed with regard to all other matters pending before Respondent.

## I. *Procedural Background*

Petitioner and Relator were divorced on March 28, 2001, at which time they had two minor children. The Judgment and Decree of Dissolution of Marriage awarded primary custody of the children to Relator. Petitioner was granted reasonable visitation and temporary custody and ordered to pay $200 monthly child support.

On November 16, 2007, Petitioner filed both a Motion to Modify and Motion for Abatement of Child Support. In the Motion to Modify, Petitioner sought sole physical and legal custody of the minor children and an order for Relator to pay child support, along with attorney's fees, costs and expenses. Petitioner did not file a bond prior to filing his motions.

Relator filed a Motion to Dismiss on February 6, 2008, alleging a violation of Section 452.455.4 as Petitioner failed to file a bond for $33,428 in alleged past-due child support obligations. Petitioner responded that Section 452.455.4 did not apply because he was seeking a modification to the Decree of Dissolution of Marriage, which did not relate solely to the issue of child custody and thus did not fall under 452.455.4 or the Uniform Child Custody Jurisdiction Act.

On April 4, 2008, Respondent issued an order granting Petitioner until May 5, 2008, to file a bond in the amount of $33,428. Petitioner then filed a Motion for Reconsideration requesting the trial court accept a bond of $25,000 in order to bring the total alleged arrearages less than $10,000 and within the threshold for Section 452.455.4. Respondent granted Petitioner's motion and accepted the $25,000 bond to satisfy the requirements of Section 452.455.4. Relator subsequently filed the current Petition for Writ of Prohibition and/or Mandamus, asserting Respondent was without subject-matter jurisdiction to issue the Order granting Petitioner time to file the bond, to issue the Order granting

---

1. All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted.

Petitioner's Motion for Reconsideration and accepting the $25,000 bond, or to proceed with Petitioner's Motion to Modify, all because Petitioner failed to post the bond required by Section 452.455.4.

After reviewing the Petition and Suggestions in Support and Opposition and exhibits provided, this Court issued a Preliminary Order of Prohibition on June 3, 2008. Pursuant to Rule 84.24, this Court being fully informed has dispensed with the requirement of full briefing and oral argument in this matter.

## II. *Discussion*

"Our power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. We have issued writs of prohibition in situations that generally fall within one of three categories: 1) where there is an usurpation of judicial power because the trial court lacks personal or subject matter jurisdiction; 2) where there exists a clear excess of jurisdiction or an abuse of discretion such that the lower court lacks the power to act as contemplated; or 3) where there is no adequate remedy by appeal." *State ex rel. Dir. of Revenue v. Kinker*, 209 S.W.3d 1, 2 (Mo.App. E.D.2006) *citing State ex rel. Dir. of Rev. v. Mobley*, 49 S.W.3d 178, 179 (Mo. banc 2001). This case falls into the first category.

■■■ "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Ford Motor Co. v. Nixon*, 219 S.W.3d 846, 849 (Mo.App. W.D.2007), *citing State ex rel. Am. Family Mut. Ins. Co. v. Koehr*, 832 S.W.2d 7, 8 (Mo.App. E.D. 1992). A preliminary order of prohibition will be made permanent "only when there is a clear excess of jurisdiction." *Koehr*, 832 S.W.2d at 8, *citing State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 297 (Mo. banc 1986).

■■■ Our resolution of this matter turns on the interpretation of Section 452.455.4, which reads:

When a person filing a petition for modification of a child custody decree owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, such person shall post a bond in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater, *before the filing of the petition.* (emphasis added)

Three Missouri cases address this particular portion of the statute, two from the Western District and one from this Court. In the first case, *Miller v. Miller*, a father owing back child support in excess of $10,000 filed a Motion to Modify Prior Judgment as to Support and Parenting Plan. In his motion the father sought: 1) a modification of his child support obligation, 2) modification of the parenting plan concerning legal custody and visitation with the minor children, 3) a judgment for reimbursement for uncovered medical expenses, and 4) an award of attorney's fees. 210 S.W.3d 439 (Mo.App. W.D.2007). The Western District noted Section 452.455.4 had not been previously interpreted by the appellate courts. *Id.* at 443. The father argued, as does Petitioner in the instant case, that Section 452.455.4 did not apply to his motion because the statute's application is expressly limited to a "petition for a modification of a child custody decree ... filed pursuant to Section 452.410 or sections 452.440 to 452.450," and his petition was not filed pursuant to those statutes. *Id.* at 441. After analyzing the language of 452.455.4 according to the tenets of statutory interpretation, the *Miller* court did not find this argument persuasive. *Id.* at 444. Specifically, the Western District

held that the bond set forth in Section 452.455.4 was required before a party could seek modification of the parenting plan, but was not required before seeking modification of the child support obligation or a judgment for reimbursement of uncovered medical expenses and attorney's fees. *Id.* at 450–51. The *Miller* court found that "before the trial court can take up and consider a qualifying petition or motion for modification, the bond required by Section 452.455.4 must be filed ... Hence, absent the filing of the requisite bond, a trial court would not have any authority to proceed on a qualifying motion under Section 452.455.4, or in other words, it would lack personal jurisdiction over the non-movant to proceed on this motion." *Id.* at 444. The court affirmed the lower court's dismissal for failure to file a bond in accordance with Section 452.455.4 for the modification of custody count but reversed and remanded the case as to the remaining counts. *Id.* at 451.

In *Roach v. Hart,* 249 S.W.3d 224 (Mo. App. W.D.2008), the Western District reaffirmed its reasoning in *Miller.* In *Roach,* the father also filed a motion to modify custody and child support without filing a bond even though the father's child support arrearages exceeded $10,000. *Id.* at 225. The court, citing *Miller,* found Section 452.455.4 deprived the trial court of personal jurisdiction if the prerequisite bond was not filed. *Id.* However, the court in *Roach* further noted that personal jurisdiction is a personal privilege that could be waived, and found that Mother had waived her objection to the lack of personal jurisdiction due to the non-compliance with Section 452.455.4 because such objections were not raised in Mother's responsive pleading. *Id.*

The third and final case discussing Section 452.455.4 is *J.C.W. ex rel. Webb v. Wyciskalla,* —— S.W.3d ——, 2008 WL 1957647 (Mo.App. E.D.2008). In *Wycis-kalla,* the father filed a motion to modify a consent judgment without filing a bond for child support arrearages which totaled more than $10,000. *Id.* at ——, 2008 WL 1957647 at *1. Pursuant to that motion, the trial court entered a judgment and modified the agreement with regard to physical and legal custody of the two minor children. *Id.* at ——, 2008 WL 1957647 at *2. This court reversed, and remanded with directions to the trial court to vacate those portions of the judgment that relate to child custody and past-due child support because we found the "trial court had no jurisdiction to proceed on the motion to modify custody in the absence of the bond required by section 452.455.4." *Id.* at ——, 2008 WL 1957647 at *4. While we held that a party's failure to comply with the bond requirements of Section 452.455.2 precluded that party from proceeding with a motion to modify custody, we disagreed with the Western District's determination in *Miller* and *Roach* that the bond required by Section 452.455.4 was a condition precedent to personal jurisdiction. Instead, we concluded that "the bond was required for the court to acquire jurisdictional competence to render a judgment on father's motion to modify, and this was not personal jurisdiction that could be waived." *Id.* at ——, 2008 WL 1957647 at *2. Furthermore, "[l]ike subject matter jurisdiction, jurisdiction that depends on statutory conditions being met cannot be waived or conferred by consent." *Id.* at ——, 2008 WL 1957647 at *3.

Like the cases cited above, there is no dispute that Petitioner in this matter failed to file a bond pursuant to Section 452.455.4 prior to filing his Motion to Modify that contained a request for modification of child custody. "Section 452.455.4 requires that a parent who is in arrears on child support in excess of $10,000 'shall post a bond in the amount of past-due support' 'before the filing of the petition.' This

statutory provision limits a trial court's jurisdictional competence, that is its jurisdiction to render a particular judgment...." *Id.* at ——, 2008 WL 1957647 at *4 Unlike personal jurisdiction, a trial court's jurisdictional competence may not be waived by the parties. *Id.*

The language of Section 452.455.4 is clear and unambiguous. Petitioner's failure to file the required bond deprived Respondent of jurisdiction to proceed with the Motion to Modify as it related to custody. Accordingly, Respondent lacked jurisdiction to enter the Order of April 4, 2008, allowing Petitioner the opportunity to file the bond, and the Order of May 5, 2008, granting Petitioner's Motion for Reconsideration. Respondent's good faith attempt to remedy the situation by granting Petitioner leave to file the requisite bond fails because Respondent was without jurisdiction to enter the April 4, 2008 Order.

Inasmuch as Section 452.455.4 applied to the child custody modifications Petitioner requested in his Motion to Modify, the trial court erred in failing to dismiss the motion. As to the remaining requests contained in Petitioner's Motion to Modify dealing with issues other than child custody, the trial court properly denied Relator's Motion to Dismiss.

While there is conflict between the Eastern District and Western District as to whether the failure to post the bond required in Section 452.455.4 results in a lack of personal jurisdiction (as the Western District held in *Miller* and *Roach*) or jurisdictional competence (as the Eastern District held in *Wyciskalla*), absent a waiver of personal jurisdiction as found in *Roach,* these differing analyses lead to the same result. We reaffirm this Court's reasoning in *Wyciskalla* that Section 452.455.4 limits a trial court's jurisdictional competence, which is not subject to waiver. —— S.W.3d at ——, 2008 WL 1957647 at *4. As we discussed in *Wyciskalla,* "personal jurisdiction" refers to a court's "authority to render a judgment over a particular defendant," while "subject matter jurisdiction" is the "power to hear and determine cases of a general class to which the proceedings in question belong." *Id.* at ——, 2008 WL 1957647 at *3. On the other hand, when parties are properly before the court and there is no question about the court's authority to decide the general issue before it, "jurisdictional competence," refers to the court's ability to "render the particular judgment in the particular case" when there is a question about "whether the issues or parties are properly before the court for resolution *at that time.*" *Id.* The requirement to post a bond is "one of the statutory conditions that limit a court's power to proceed with a case." *Id.* Section 452.455.4 and its corresponding bond requirement serve as a limit to Respondent's jurisdictional competence and, thus, without the required bond, Respondent lacked jurisdiction to proceed on Petitioner's request for custody modification.

The Preliminary Order in Prohibition is hereby made absolute. Because the exercise of jurisdiction was improper, Respondent had no authority to grant Petitioner leave to file the bond. Relator's request for a permanent writ of prohibition is hereby granted, in part, prohibiting Respondent from taking any further action on Petitioner's request for modification of the child custody arrangement in his Motion to Modify, other than to dismiss that portion of Petitioner's motion without prejudice. This ruling does not affect Petitioner's Motion for Abatement of Child Support or any portion of the Motion to Modify not dealing with child custody.

GEORGE W. DRAPER III and BOOKER T. SHAW, JJ., Concur.