**James M. HECHT, Appellant,**

v.

**Tina L. HECHT, Respondent.**

**No. ED 91335.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 2009.

Application for Transfer to Supreme Court
Denied June 2, 2009.

Application for Transfer Denied
Sept. 1, 2009.

Michael A. Gross, Joseph F. Yeckel, St. Louis, MO, for appellant.

Richard R. Veit, St. Charles, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

This is an appeal from a judgment modifying a decree of dissolution. Husband raises one issue on appeal, claiming the trial court did not have jurisdiction to rule on Wife's motion to modify her child support obligation because Wife failed to post bond for past due child support pursuant to RSMo. § 452.455.4. Here we consider whether RSMo. § 452.455.4 applies to the present case and whether the trial court was without jurisdiction to rule on the matter. We conclude that the trial court

did have jurisdiction and affirm the trial court's judgment.

### Factual and Procedural Background

James M. Hecht ("Husband") and Tina L. Hecht ("Wife") dissolved their marriage in 1995. The marriage produced three daughters: Amanda M. Hecht, born in 1985; Ashley C. Hecht, born in 1988; and Kayla E. Hecht, born in 1992. The original decree granted both Husband and Wife joint legal and physical custody of the minor children.

On 17 March 1998 the trial court entered a judgment modifying the dissolution decree by granting to Husband the custody of the minor children and ordering Wife to pay Husband $272.00 per month. On 5 November 1999, the court entered another judgment modifying the dissolution decree by increasing Wife's child support to Husband from $272.00 per month to $1,008.00 per month. At the time of the 1999 modification, Mother was employed full time earning approximately $45,000 a year and was current in her child support payment. She continued to make timely payments until 2004, when she lost her employment. Mother has not paid child support since April 2004 with the exception of a January 2008 payment of $1,500.

Father filed a complaint with the Child Support Enforcement in 2007 and Mother was arrested for criminal non-support. Mother spent 10 weeks in jail before she was able to post bond in the criminal case. Also in 2007, Wife filed a "Motion to Modify Decree of Dissolution" requesting the reduction of her child support obligation. In her motion, she alleged that circumstances had changed in that Husband's income had increased, her income had decreased, and the two oldest children had become emancipated. In December 2007, Husband filed a motion for contempt and a motion to dismiss Wife's motion to modify for failure to post bond for past due child support pursuant to RSMo. § 452.455.4.[1]

The court conducted a hearing on 7 March 2008. The evidence at the hearing established that since the 1999 Modification Judgment, Father has had an increase in salary of approximately $26,000 per year, and that two of the three daughters have become emancipated. The evidence also established that Mother lost her job in 2004, had been unable to secure full time employment since that date, and owed Husband in excess of $40,000 in past due child support. The trial court found that there was credible evidence of a substantial and continuing change in circumstances which would warrant a modification in child support and that Father failed to present any evidence of Mother's willful and contumacious failure to pay child support. The trial court granted Wife's motion to modify child support and denied Husband's motion for contempt and motion to dismiss.

Husband appeals to this Court arguing that the trial court erred in denying Husband's motion to dismiss Wife's motion to modify because Wife was over $10,000 in arrears and failed to post bond as required

---

1. RSMo. § 452.455.4 states:

"When a person filing a petition for modification of a child custody decree owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, such person shall post a bond in the amount of past due child support owed as ascertained by the division of child support enforcement or reasonable legal fees of the custodial parent, whichever is greater, before the filing of the petition. The court shall hold the bond in escrow until the modification proceedings pursuant to this section have been concluded wherein such bond shall be transmitted to the division of child support enforcement for disbursement to the custodial parent.

by RSMo. § 452.455.4. Husband contends that because Wife did not comply with RSMo. § 452.455.4, the trial court did not have subject matter jurisdiction or jurisdictional competency to rule on the case.

***Discussion***

■ In his sole point on appeal, Husband contends that the trial court erred in denying Husband's motion to dismiss Wife's motion to modify because Wife's failure to comply with RSMo. § 452.455.4 stripped the court of its subject matter jurisdiction and jurisdictional competence to rule on the issue. Wife argues that RSMo. § 452.455.4 does not apply here because the plain language of the statute and Missouri case law establish that RSMo. § 452.455.4 does not apply to modifications of child support obligation. We therefore turn to the statute to determine its application.

■ The interpretation of a statute and whether it applies to a given set of facts are questions of law, which we review de novo. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 23 (Mo.App. E.D.2005). Similarly, the scope of the trial court's subject matter jurisdiction is a question of law that we review de novo. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D. 2001).

■ In interpreting statutes, we ascertain the intent of the legislature and give effect to that intent, if possible. *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005). In ascertaining legislative intent, we are to give the language used its plain and ordinary meaning. *Id.*

According to our reading of the plain and ordinary language, the question of when RSMo § 452.455.4 applies is clearly answered in the first three lines. The language reads, "When a person filing a petition for modification of a child custody decree owes past due child support to a custodial parent in an amount in excess of ten thousand dollars, such person shall post a bond in the amount of past due child support owed . . . "

Thus, the statute applies when: 1) a person files a petition for *modification of a child custody decree;* and 2) that same person owes more than ten thousand dollars ($10,000) in past due child support to a custodial parent. There is no dispute in this case that Wife owed more than $10,000 to Husband in past due child support. However, it is less clear whether or not Wife filed a petition for modification of a child custody decree.

There is no language in § 452.455.4 defining the phrase "child custody decree." However, § 452.445(3), which expressly applies to § 452.455.4 defines a "custody decree" as:

a *custody determination* contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree. (emphasis added).

"Custody determination" is defined in § 452.445(1) as:

a court decision and court orders and instructions providing for the custody of a child, including visitation rights. *This term does not include a decision relating to child support or any other monetary obligation;* but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support. (emphasis added).

The record establishes that there was a custody determination contained in the original 1995 dissolution decree, in which both Husband and Wife were awarded joint legal and physical custody of their

three daughters. The record also shows that there were modification of custody decrees in 1998 and 1999.

The law is well-established in Missouri that a definition provided in that statute being interpreted is binding on us in its interpretation. *Moses v. Carnahan,* 186 S.W.3d 889, 900 (Mo.App. W.D.2006). The definitions of "custody decree" and "custody determination" as found in §§ 452.445(3) and (1) clearly establish that § 452.455.4 does not apply to modifications of child support obligations, which is what Wife sought in this case. We have no evidence that Wife sought a modification of either the court's custody or visitation determinations. The cases of *Miller v. Miller,* 210 S.W.3d 439 (Mo.App. W.D.2007) (overruled on other grounds), and *Burton v. Swann,* 258 S.W.3d 563 (Mo.App. E.D. 2008), have come to the same conclusion in their interpretations of § 4452.455.4.

In *Miller,* the court states,

... application of Section 452.455.4 is limited to petitions or motions to modify custody, pursuant to Section 452.410, and visitation, pursuant to Section 452.400.2. Hence, as the appellant contends, *it does not apply to modifications of child support obligations,* governed by Section 452.370, which he sought in Count I of his motion, such that the trial court erred in dismissing that count for failure to file a bond in accordance with Section 453.455.5. 210 S.W.3d at 448 (emphasis added).

In *Burton,* this Court ruled that the trial court did not have jurisdiction over the portion of Husband's motion to modify requesting modification of the child custody arrangement, other than to dismiss that portion of the motion without prejudice. 258 S.W.3d 563. The Court further stated, "This ruling *does not affect Husband's motion for abatement of child support or any portion of the motion to modify not dealing with child custody.*" *Id.* at 567. (emphasis added).

### Conclusion

Based on the definitions of "custody decree" and "custody determination" as found in §§ 452.445(3) and (1), it is clear that § 452.455.4 does not apply to petitions for modifications of child support obligations, which is what Wife sought here. Accordingly, the fact that Wife did not post bond prior to filing her motion to modify is of no consequence. Husband's argument that the trial court was without subject matter jurisdiction or jurisdictional competence to rule on the case is without merit.[2] We affirm the judgment of the lower court. Wife's motion for sanctions of attorney's fees against Husband is denied.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and MARY K. HOFF, J. concur.

---

**2.** Husband's jurisdictional argument is based on the case of *J.C.W. v. Wyciskalla,* 2008 WL 1957647 (Mo.App. E.D.2008), which is unpersuasive here as the Husband in that case, in addition to seeking a modification of child support, also sought a modification of child custody. Here, Wife does not seek modification of child custody. Further, the Supreme Court ruling in *J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), never reached the issue of whether § 452.455.4 applied to the facts of the case because there was insufficient evidence at trial as to how much Father owed in child support payments. Thus, it is unhelpful in our determination here.