In re: Matthew D. HORNING,
Appellant,

v.

Daniel WHITE, Prosecuting Attorney
of Clay County, Respondent.

No. WD 71206.

Missouri Court of Appeals,
Western District.

June 22, 2010.

Abe Shafer, V. Esq., Weston, MO, for appellant.

Christina M. Lloyd, Esq., Liberty, MO, for respondent.

Before Division One: KAREN KING MITCHELL, Presiding Judge, LISA WHITE HARDWICK and CYNTHIA L. MARTIN, Judges.

LISA WHITE HARDWICK, Judge.

Matthew Horning appeals the denial of his petition to remove his name from the sexual offender registry. Horning contends the circuit court erred in applying the burden of proof under the sexual offender registry statute, Section 589.400.9,[1] and abused its discretion in finding that he failed to prove a key element of his claim. For reasons explained herein, we find no error and affirm the circuit court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

On January 27, 2009, Horning petitioned the circuit court to remove his name from the sexual offender registry pursuant to Section 589.400.7. At a hearing on the petition, Horning presented testimony from himself, his business coach, his fiancée, and a letter from his psychotherapist.

Horning testified that he pled guilty to second-degree statutory rape on May 9, 1996, and was sentenced to five years of probation. He was twenty-four years old at the time of his offense, and the victim was thirteen years old. Horning did not

---

**1.** All statutory references are to the Revised Missouri Statutes 2000, as updated by the Cumulative Supplement 2009.

otherwise know the victim, who was a friend of the family from which he rented a room.

Horning was required to register as a sexual offender in January of 1999 and thereafter complied with all registration requirements. Since the 1996 conviction, he has not been convicted of any other misdemeanors or felonies. Horning successfully completed probation in May of 2001, which required him to attend several counseling programs over a two-and-a-half-year period.

Horning testified that he is self-employed as a computer consultant. On his own accord, he began psychotherapy in 2005 with Mark McGonigle, a licensed clinical social worker, to further his business prospects.

Sherry Moertko, a licensed business coach, has worked with Horning since 2004. She testified that Horning's computer consultant job requires him to meet with customers in their businesses and homes to assist with their computer needs. Moertko has never seen Horning act inappropriately, but she also has not seen him interact with young women. Moertko does not have any children of her own.

Isadora Chandra testified that she is Horning's fiancée and has lived with him for approximately one year. During their nearly two-year relationship, Chandra has not seen Horning do anything that would cause her to believe he was a threat to society. Chandra does not have any children of her own.

Horning submitted to the court a letter from his psychotherapist, Mark McGonigle. McGonigle wrote that Horning demonstrates excellent insight into his past offense and has developed habits that amount to preventative strategies. He opined that Horning's offense occurred during a time of intense personal struggle and was merely an example of poor decision-making brought on by extreme emotional stress. McGonigle concluded that Horning is currently stable and has "greatly reduced the risk of relapse by his participation in treatment and achievement of personal and therapeutic goals."

Following the hearing, the circuit court entered a judgment denying Horning's request to remove his name from the sexual offender registry. The court found that while Horning had demonstrated a reduced risk of relapse, he failed to prove that he is not a *potential threat* to public safety" as required by Section 589.400.9(1).

Horning filed a motion to vacate the judgment and alternatively requested rehearing. The circuit court granted a hearing to allow the presentation of additional evidence. Horning submitted a second letter from McGonigle stating that "Horning does not currently present a threat to society." The court also heard testimony from McGonigle, who opined that while it would be impossible to say Horning has zero risk of recidivism, he falls into the category of offenders who have the very lowest risk of reoffending. McGonigle acknowledged that such risk assessments are "often inaccurate." He therefore declined to offer an opinion as to whether Horning is a potential threat to society.

On July 15, 2009, the circuit court denied the motion to vacate the judgment. Horning appeals the denial of his petition.

## STANDARD OF REVIEW

On appeal of a bench trial, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "All evidence favorable to the judgment and all inferences to be drawn from

the evidence are accepted as true, and all contradictory evidence is disregarded." *Underwood v. Hash*, 67 S.W.3d 770, 774 (Mo.App.2002). We defer to the trial court's determination of the credibility of witnesses and the weight to be given to their testimony. *Murphy v. Holman* 289 S.W.3d 234, 237 (Mo.App.2009). "The trial court may believe all, part, or none of any witness's testimony." *Ortmann v. Dace Homes, Inc.*, 86 S.W.3d 86, 89 (Mo.App. 2002).

## ANALYSIS

### Statutory Burden of Proof

■ In Point I, Horning contends the circuit court erred in denying his request to remove his name from the sexual offender registry because it incorrectly applied the burden of proof under Section 589.400.9(1). Specifically, he argues the court misapplied the law in requiring him to prove each element of the statute by a preponderance of the evidence.

Pursuant to Section 589.400.7, a person convicted of second-degree statutory rape [2] may file a petition in the civil division of the circuit court for the removal of his or her name from the sexual offender registry after ten years have passed from the date he or she was required to register. The court may grant relief "if such person demonstrates to the court that he or she has complied with the provisions of this section and is not a current or potential threat to public safety." § 589.400.9(1).

Horning argues the word "demonstrate," as used in Section 589.400.9(1), means the movant need only meet a burden of production for each element and not a burden of persuasion. He contends there is no implicit requirement in the term "demonstrate" that a movant must persuade the trial court that he is not a current or potential threat to public safety. Horning asserts his proffered construction of the statute is most reasonable because it would be impossible for any petitioner to prove he would never pose a threat to public safety in the future.

■■ "The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland,* 155 S.W.3d 65, 67 (Mo. banc 2005). Statutory construction should be reasonable and logical. *Id.*

Based on the plain language of Section 589.400.9(1), we disagree with Horning's contention that the statute merely imposes a burden of production on a movant seeking to remove his name from the sexual offender registry. Horning's interpretation of the term "demonstrate" is inconsistent with common usage and unsupported by any reference to authority. The *American Heritage Dictionary of the English Language*, 484 (4th ed.2006) defines "demonstrate" as: "1: To show clearly and deliberately; manifest; 2: To show by true reasoning or adducing evidence; prove[.]" *Random House Webster's Unabridged Dictionary* 530 (2nd ed.2001) provides a similar definition: "to make evident or establish by arguments or reasoning; prove[.]" These definitions indicate that "demonstrate" means more than merely presenting evidence. The term connotes the need to present evidence or reasoning as a means of clearly and deliberately establishing a fact or proposition. By requiring a movant to *demonstrate* eligibility for removal from the sexual offender registry, Section

---

**2.** Section 589.400.7 only applies to convictions for second-degree rape that did not involve "physical force or threat of physical force."

589.400 imposes a burden of persuasion on the movant to prove that he has complied with the statutory provisions and that he is not a current or potential threat to public safety.

"The general standard of proof for civil cases is preponderance of the evidence." *Bonney v. Envtl. Eng'g, Inc.*, 224 S.W.3d 109, 120 (Mo.App.2007). "When the legislature is silent as to the standard of proof to be applied in a statutorily created cause of action, this is regarded as a signal that the legislature intended for the preponderance of evidence standard to apply." *Martinez v. State*, 24 S.W.3d 10, 20 n. 10 (Mo.App.2000). To satisfy the preponderance standard, a party has the burden of proving that "a proposition is more likely true than not." *See Morgan v. State*, 272 S.W.3d 909, 912 (Mo.App.2009). As further explained in *State Board of Nursing v. Berry*, 32 S.W.3d 638, 642 (Mo. App.2000) (internal quotation marks omitted):

> 'Preponderance of the evidence' is defined as that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not.

Section 589.400 gives rise to a civil action to which the preponderance of the evidence standard applies. Contrary to Horning's argument, this standard does not impose an impossible burden of proving that he would never be a threat to public safety in the future. Under the preponderance standard, Horning was only required to prove that it is more probable or more likely true than not that he is not a potential threat to public safety. The circuit court properly applied this standard in determining that Horning failed to meet his burden of proof under the statute to remove his name from the sexual offender registry. Point I is denied.

### Abuse of Discretion

In Point II, Horning contends the circuit court abused its discretion in denying his petition because the decision is against the logic of the circumstances. The court ruled that Horning failed to prove he was not a potential threat to public safety, as required by Section 589.400.9(1). Horning argues he presented ample evidence to prove this element of his claim, and the State did not present evidence to the contrary.

Section 589.400.9(1) provides that a circuit court "'may' grant a petition to remove a name from the sexual offender registry if the movant demonstrates compliance with the statute and that he is not a current or potential threat to public safety.'" The use of the term "may" in a statute "implies alternate possibilities and grants the ones to whom power is conferred discretion in exercising that power." *M.G. v. G.M.B.*, 897 S.W.2d 218, 220 (Mo. App.1995). In an appeal asserting an abuse of discretion, we will reverse only upon a showing that the trial court's decision "is so arbitrary, unreasonable, and clearly against the logic of the circumstances that it shocks the sense of justice and shows a lack of careful consideration." *Bussen v. Bussen*, 273 S.W.3d 90, 92 (Mo. App.2008).

The record reflects that in addition to his own testimony, Horning presented testimony from his business coach, his fiancée, and his psychotherapist in support of his petition. The State cross-examined each of the witnesses and made substantial efforts to refute Horning's allegation that he was not a potential threat to public safety.

Horning initially testified that since 2005 he had attended more than fifty psycho-

therapy sessions with Mark McGonigle to "work through problems and issues." Although the line of questioning suggested that Horning sought counseling regarding his sexual offense, he acknowledged on cross-examination that the purpose of the sessions was to "improve [his] business" as a computer consultant. Horning further admitted that he did not "concentrate" on his "past crime" during the many sessions with McGonigle, and he did not seek therapy in regard to his crime or past conviction. Based on this testimony, the court could reasonably conclude that Horning had not received specific counseling or treatment regarding his sexual offense since he was released from probation in 2001.

Direct examination testimony from Horning's business coach and his fiancé established that neither witness had seen him act inappropriately or do anything to indicate that he was a threat to society. On cross-examination, Sheryl Moertko acknowledged that she only interacted with Horning in a business setting and had never seen him interact with young women. Moertko had no children of her own, much like Isadora Chandra, Horning's fiancée with whom he lived in a childless home. Viewed in a light most favorable to the judgment, the testimony of Moertko and Chandra established only that they had no reason to believe Horning was a current threat to society.

Horning presented a letter and testimony from McGonigle regarding his psychotherapy treatment. McGonigle stated that Horning "currently is emotionally stable, has healthy self esteem, is successfully managing his business, and is engaged to be married in a healthy and satisfying relationship." He further opined that "Horning has greatly reduced the risk of relapse by his participation in treatment." But McGonigle acknowledged that such risk assessments are often inaccurate and declined to offer an opinion as to whether Horning is a potential threat to society. McGonigle only concluded that Horning is not "presently" a threat to public safety.

As discussed above, Horning was required to prove his claim under Section 589.400.9(1) by a preponderance of the evidence. Although Horning presented sufficient evidence to show that he is not a current threat to society, the record indicates he failed to meet the additional burden of proving that he is not a potential threat to society. Accordingly, the circuit court did not abuse its discretion in denying Horning's petition to remove his name from the sexual offender registry. Point II is denied.

CONCLUSION

We affirm the circuit court's judgment.

All Concur.