

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| RICKY LEE STROSNIDER, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | No. SD34221 |
| ) | |
| COLONEL RONALD REPLOGLE, ) | **Filed: Nov. 9, 2016** |
| Missouri State Highway Patrol ) | |
| Superintendent, ) | |
| ) | |
| Defendant-Respondent, ) | |
| ) | |
| and ) | |
| ) | |
| RANDY MARTIN, Crawford County ) | |
| Sheriff's Department, and J. KENT ) | |
| HOWALD, Crawford County Prosecutor, ) | |
| ) | |
| Defendants-Respondents. ) | |

APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Kelly W. Parker

**<u>AFFIRMED</u>**

Ricky Lee Strosnider ("Plaintiff") appeals the judgment denying his petition for

declaratory judgment seeking to have his name removed from the Missouri sex offender

registry.  *See* section 589.400.[1]  Plaintiff's sole point on appeal claims "[t]he trial court erred as a matter of law . . . because [Plaintiff] did not knowingly fail to comply with the sex offender registration requirements of § 589.400."  Finding no merit in the claim, we affirm.

### Applicable Principles of Review and Governing Law

> Although the trial court denied [Plaintiff's] declaratory judgment and issued a judgment in favor of the Respondents, we review this case under the same standard as if the declaratory judgment was ordered.  This court reviews a declaratory judgment under the standard applicable to other court-tried cases.  We affirm the trial court's judgment regarding issues of fact unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.  We review questions of law *de novo*.

*Andresen v. Bd. of Regents of Mo. W. State Coll.*, 58 S.W.3d 581, 585 (Mo. App. W.D. 2001) (footnotes omitted).

At the time of Plaintiff's guilty plea, a person required to register on the sexual offender registry ("the registry") had to do so "within ten days of . . . placement upon probation" after being convicted of a qualifying sexual offense.  Section 589.400.1 and .2.[2]  Unless certain exceptions apply, registration is a life-long requirement.  Section 589.400.1, .2 and .3.  One exception is for a registrant who "petition[s] the court for removal or exemption from the registry under subsection . . . 8 of this section and the court orders the removal . . . of such person from the registry."  Section 589.400.3(4).

Section 589.400.8 provides that someone on the registry

> having pled guilty . . . to an offense included under subsection 1 of this
> section may file a petition after two years have passed from the date the

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2013.  Section 589.400 *et. seq.* is often referred to as "SORA."  Although Plaintiff's petition was answered by all Respondents, only Col. Replogle filed a respondent's brief.

[2] RSMo Cum. Supp. 2006.  This provision has subsequently been amended to require registration within three days.  RSMo Cum. Supp. 2009.

offender . . . pled guilty . . . in the civil division of the circuit court in the county in which the offender . . . pled guilty . . . to the offense . . . for removal of his or her name from the registry if such person was nineteen years of age or younger and the victim was thirteen years of age or older at the time of the offense and no physical force or threat of physical force was used in the commission of the offense[.]

After the petition is filed, "[t]he court may grant such relief under subsection . . . 8 of this section if such person demonstrates to the court that he or she has complied with the provisions of this section and is not a current or potential threat to public safety." Section 589.400.9(1). A person whose name is removed from the registry based upon subsection 8 "shall no longer be required to fulfill the registration requirements . . . unless such person is required to register for committing another offense after being removed from the registry." Section 589.400.11.

### Evidentiary and Procedural Background

Plaintiff testified at the hearing on his petition in October 2015. No exhibits or other testimony was presented. Plaintiff's testimony was as follows.

In February 2006, Plaintiff pleaded guilty to child molestation in the second degree ("the offense"), a misdemeanor, and he was ordered to complete a period of probation. *See* section 566.068, RSMo 2000. The victim was 15 at the time of the offense, Plaintiff was 18, and no force was involved.

Plaintiff registered as a sex offender for the first time in December 2014. He was not told to register before that time. Plaintiff acknowledged that he had been criminally charged with failing to register, but that charge was later dismissed, and no other criminal charges had been filed against him.

The trial court took the matter under advisement and later entered judgment in favor of Respondents in October 2015 ("the judgment"). The judgment found that

3

Plaintiff "was nineteen years of age or younger at the time the offense was committed, the victim was thirteen years of age or older at the time the offense was committed, and no physical force or threat of physical force was used in the commission of the offense." The judgment found that two years had elapsed since Plaintiff pleaded guilty to the offense, and Plaintiff "met his burden of proving he is not a current or potential threat to public safety."

The judgment noted that at the time Plaintiff pleaded guilty to the offense, he was required to register "within 10 days of being placed on probation[.]" The judgment found that "Plaintiff testified he was not told to register until December of 2014, had not registered prior to that date, but subsequently registered and remains registered to this date."[3] The judgment found that "[P]laintiff failed to demonstrate he 'has complied with the provisions of' Section 589.400" as he failed to register "within 10 days of being placed upon probation . . . [and he], therefore, has not complied with the provisions of Section 589.400[.]" The trial court concluded that it "lack[ed] the authority to grant the relief requested by [P]laintiff." Plaintiff's motion to reconsider the judgment was denied after a hearing,[4] and this appeal timely followed.

**Analysis**

Plaintiff acknowledges that he was "required to register within ten days of his release on probation," but he insists that it was an error of law to deny him removal from the registry when he "did not knowingly fail to comply with the sex offender registration requirements[.]" Subsection 589.400.9(1) expressly requires compliance with section 589.400 as a prerequisite to seeking removal from the registry under section 589.400.8.

---

[3] The judgment does not indicate if the trial court found any portion of this testimony credible.
[4] At this hearing, the trial court stated that "the only reason that [the trial court] denied [Plaintiff's] request" was that Plaintiff had not complied with the registration requirements of section 589.400.

"The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." **State ex rel. Young v. Wood**, 254 S.W.3d 871, 872-73 (Mo. banc 2008). Subsection 589.400.9(1) does not include an exemption from compliance with the requirements of section 589.400 as an alternative means of seeking removal under section 589.400.8. Essentially, Plaintiff's suggested construction would rewrite the statutory requirement from "has complied with the provisions of this section" to "has not knowingly failed to comply with the provisions of this section." *See* section 589.400.9(1). We must reject such a construction as we are not free to add "words by implication to a statute that is clear and unambiguous." **Id.** at 873.

Plaintiff cites no authority departing from established principles of statutory interpretation. Instead, he analogizes to the requirement that a criminal defendant must act knowingly in order to be found guilty of having committed the criminal offense of failure to register in violation of section 589.425. *Cf.* **State v. Jacobs**, 421 S.W.3d 507, 513-14 (Mo. App. S.D. en banc 2013) (citing **State v. Younger**, 386 S.W.3d 848, 858 (Mo. App. W.D. 2012), and section 562.021.3).[5] But in creating the possibility for removal from the registry after two years, the legislature was creating a civil action. *See* **Horning v. White**, 314 S.W.3d 381, 385 (Mo. App. W.D. 2010) (section 589.400 "gives rise to a civil action"); *see also* section 589.400.8 directing that the petition be filed in the civil division of the court. Plaintiff reasons that "both the criminal act and the right [sic[6]] to removal involve compliance with SORA." Any such similarity does not override basic

---

[5] RSMo 2000. As **Younger** notes, section 589.425 does not specify a requisite mental state. **Younger**, 386 S.W.3d at 853. Instead, the required mental state is supplied by section 562.021.3. In relevant part, that subsection states that "[I]f the definition of any offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposefully or knowingly[.]" **Id**. Plaintiff cites no authority supporting his argument that this criminal statute applies to a civil proceeding seeking removal from the registry.

[6] Although Plaintiff refers to the "right" to be removed from the registry, the language stating that the court "may grant such relief" suggests that removal is permissive, not mandatory.

principles of statutory interpretation so as to essentially create a new civil action under Chapter 589 for sex offenders who did not comply with the registration law. *Cf. Lafferty v. Rhudy*, 878 S.W.2d 833, 836 (Mo. App. W.D. 1994) (declining to expand the interpretation of a criminal statute beyond the legislature's obvious intent so as to create a new civil action).

Plaintiff also argues that "[t]he 2006 trial court ["the plea court"] neither advised [him] of his duty to register nor reported his address to the chief law enforcement officer as required."[7] Based on this assertion, Plaintiff argues that "he cannot be held accountable for the [plea] court's failure to notify him of his duty [to register], and in turn, be barred from relief under subsection 9." The trial court found that "Plaintiff *testified* he was not told to register until December of 2014[.]" The judgment did not find that the plea court actually failed to inform Plaintiff of his obligation to register when it accepted Plaintiff's plea and placed him on probation. More importantly, Plaintiff offers no authority for the premise that *if* the plea court failed to fulfill a notification obligation, *then* Plaintiff is entitled to an alteration of the statutorily-created method of petitioning for removal from the registry.

As Respondent Replogle notes in his brief, individuals are presumed to know the law. *See Grace v. Mo. Gaming Comm'n*, 51 S.W.3d 891, 903 (Mo. App. W.D. 2001) (holding that an individual's claim "that he consumed alcohol on the premises for five years without knowledge of the requirement" of prior authorization did not prevent application of the statute). We reject the notion that courts are free to modify the

---

[7] Plaintiff asserts that the "fact" that he was not "told he was obligated to" register was "the precise reason Respondent Prosecuting Attorney chose to dismiss the criminal charge of failing to register." Plaintiff is in violation of Rule 84.04(e) in not citing the record in support of this assertion, and he offers no authority for the proposition that the prosecutor's actions related to a charge for failure to register, *see* section 589.425, are relevant to the application of section 589.400.9. Rule references are to Missouri Court Rules (2016).

6

provisions of section 589.400.9(1) as some sort of remedy for a plaintiff's failure to comply with the registration directive in section 589.405 when the legislature has not so provided. *Cf.* ***Frye v. Levy***, 440 S.W.3d 405, 408 (Mo. banc 2014) ("[w]hen the legislature imposes a deadline or other mandate, this Court has held that courts have no authority to impose a sanction for non-compliance when the legislature has chosen not to do so").

Plaintiff's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS