

# Missouri Court of Appeals

### Southern District

### In Division

BRANDON SCHIESSWOHL, )
)
    Appellant, ) No. SD38173
)
v. ) **Filed: August 29, 2024**
)
BOBBI SPAIN, )
)
    Respondent. )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Matthew R. Kasper, Judge

## REVERSED AND REMANDED WITH INSTRUCTIONS

This case requires us to decide what the proper legal standard is for a modification of a child custody decree. The answer depends on whether the party is seeking to modify the custody arrangement (e.g., a change in the parenting schedule) or the custody designation (e.g., a change from joint custody to sole custody). If the party seeks a modification to the term of the custody arrangement, then the party must show "a change . . . in the circumstances of the child or his custodian and that the modification is

necessary to serve the best interests of the child." § 452.410.1.[1] If, however, the party seeks a modification to the custody designation, then that party must show a "substantial" change in circumstances and that modification is necessary to serve the best interests of the child. ***Prach v. Westberg***, 455 S.W.3d 513, 516 (Mo. App. W.D. 2015).

In the case before us, both parents sought modifications to the parenting schedule. Father sought a modification to give him final decision-making authority over Child's healthcare if he and Mother could not agree on Child's treatment. Neither party sought to change the custody designation from joint custody to sole custody. The trial court denied all motions, finding there had not been a "substantial" change in circumstances. Father then filed a motion to reconsider, arguing the trial court applied the wrong standard by requiring a "substantial" change in circumstances instead of a "change" in circumstances. That motion was also denied, and this appeal follows.

Father raises two points on appeal. In point 1, Father argues the trial court misapplied the law by using the "substantial" change in circumstances standard in denying his amended motion because it was only necessary to show a "change" in circumstances since he was not seeking a change in the

---

[1] All statutory citations are to RSMo. (2016).

custody designation.[2]  In point 2, Father argues the trial court erred by failing to make findings as required by section 452.375.

Father's point 1 has merit.  Because Father sought to modify the custody arrangement and not the custody designation, the proper standard was a "change" in circumstances rather than a "substantial" change in circumstances.[3]

## Background

Brandon Schiesswohl ("Father") and Bobbi Spain ("Mother") are the parents of a minor child ("Child").[4]  In 2016, Father filed a Petition for Declaration of Paternity, Custody, Visitation and Child Support.  Both Mother and Father agreed they should have joint legal and joint physical custody of Child and both "had been able to work closely with each other

---

[2] Father's point raises two distinct claims of error:  (1) that the trial court erred in applying the "substantial change in circumstances" standard in denying Mother's motion to modify; and (2) that the trial court erred in applying the "substantial change in circumstances" standard in denying Father's motion to modify.  By combining these two challenges into a single point, Father has rendered his point multifarious in violation of Rule 84.04(d) Missouri Court Rules (2023).  "A multifarious point is one that groups together multiple, independent claims rather than a single claim of error." **Barbieri v. Barbieri**, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021).  Generally, such claims preserve nothing for appeal and are subject to dismissal. **Id.**  However, because we can discern the nature of Father's argument as it relates to the denial of *his* amended motion to modify, we exercise our discretion to review that distinct claim.  We also point out that even if we chose to review Father's claim as to the denial of Mother's motion to modify, Father was not prejudiced by that denial and, in fact, was opposed to Mother's motion to modify at the hearing.  Finally, the claim that the trial court applied the wrong standard to Mother's motion for modification was not raised in Father's motion to reconsider and is not preserved for our review.

[3] Our resolution of point 1 makes our review of point 2 unnecessary.

[4] Mother did not file an appeal, nor did she file a brief in this appeal.  "Although there is no penalty for failure to file a brief, this court must adjudicate [Father's] claim without the benefit of whatever argument, if any, [Mother] could have made in response." **Risch v. Risch**, 72 S.W.3d 274, 276 n1 (Mo. App. S.D. 2002).

3

regarding [Child]." The trial court awarded Father and Mother joint legal custody and joint physical custody of Child.

As part of the child custody decree, Mother and Father were ordered to comply with a parenting plan. That parenting plan essentially provided Father would have custody over Child during the school year with Mother to have custody three weekends each month, and that during the summer months, Mother would have custody of Child with Father to have custody three weekends each month. The parenting plan also required each parent to:

> consult each other and agree prior to obtaining significant medical and dental treatment for [Child]. Emergency care may, however, be authorized without the other Parent's prior consent.

The parenting plan contained no provision for how parents were to resolve disputes about Child's healthcare in the event that they could not agree.

After that judgment was entered, both parents filed motions to modify, alleging a change in circumstances and both sought changes to the parenting schedule.[5] Father later filed an amended motion to modify. In addition to modifying the parenting schedule, Father's amended motion sought to modify "the parties' decision making process for medical treatment for [Child.]" According to Father's motion, these modifications were warranted because:

---

[5] Mother's motion requested the parenting schedule be modified to give her custody during the school year and Father custody during the summer. Father's motion sought a change in the parenting schedule because the current schedule required too much driving and too many exchanges of Child.

(1) the current parenting time schedule required too much driving and too many exchanges of Child; and (2) the parties could not agree on medical treatment for Child.[6]  Neither parent sought to change the custody designation from joint custody to sole custody.

The trial court heard evidence on the motions to modify.  Since the original judgment was entered, both parents had moved to new cities and Child had been diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD") by two doctors.  Relevant to this appeal, Mother did not believe there was too much driving time, as alleged by Father, and the two did not agree on how Child's ADHD should be treated.  While Father was open to treating Child's condition with medication, Mother was not.  The trial court denied both parents' motions to modify, finding there was no "substantial" change in circumstances to warrant modification.

---

[6] Father's proposed amended parenting plan stated:

> The Parents shall discuss, confer and attempt to reach a consensus with regard to all medical, dental or mental health care for the Child.  In the event that the Parents cannot reach an agreement after discussing the Child's healthcare issues and considering each other's position, Father shall have the right to make the final decision and to direct the healthcare for the Child.  In the event that the Child is prescribed medication(s) by his healthcare providers, the Parents agree to administer said medication(s) to the Child as prescribed.
> . . . .
>
> With the exception of healthcare for the Child which is specifically addressed hereinabove, neither Parent shall possess the authority to decide any issue regarding the education or general welfare of the Child without the full consent and agreement of the other Parent.

## Standard of Review

"We review the trial court's ruling on a motion to modify child custody pursuant to the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)." *In re Marriage of Sutton*, 233 S.W.3d 786, 789 (Mo. App. E.D. 2007). We will affirm that judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Prevost v. Silmon*, 645 S.W.3d 503, 511-12 (Mo. App. W.D. 2022). Whether the trial court applied the correct legal standard in reviewing a motion to modify a child custody decree is a question of law. We review questions of law *de novo*. *Strosnider v. Replogle*, 502 S.W.3d 756, 757 (Mo. App. S.D. 2016).

## Discussion

Father argues the trial court misapplied the law by applying a "substantial change in circumstances" standard when ruling on his amended motion to modify. According to Father, the proper standard was a "change in circumstances" because he was not seeking to change the custody designation. We agree.

In Missouri, there are two standards that can apply to a modification of a child custody decree: (1) a statutory standard that requires a "change in circumstances" based on the plain language of section 452.410; and (2) a case-law standard that requires a "substantial" change in circumstances. *See Russell v. Russell*, 210 S.W.3d 191, 194 (Mo. banc. 2007). "[T]he type of

6

custody modification requested determines the nature of the change in circumstances required." **Tienter v. Tienter**, 482 S.W.3d 483, 490 (Mo. App. E.D. 2016).

*The "Change in Circumstances" Standard—Custody Arrangement*

If the party is seeking to modify a term to the custody *arrangement*, such as a change in the parenting time schedule, the plain language of section 452.410 controls and the change in circumstances need not be "substantial." **Tienter**, 482 S.W.3d at 490. Section 452.410 states the standard for a modification of a custody decree. Under this statute, the party must show "a change . . . in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." § 452.410.1.[7] The word "substantial" does not appear in the statute. **Russell**, 210 S.W.3d at 194. This standard applies to *all* modifications of a custody arrangement.[8] *See* **Russell**, 210 S.W.3d at 194. It does *not*, however, apply to modifications to the custody *designation*. *See* **id.**

*The "Substantial Change in Circumstances" Standard—Custody Designation*

If the party is seeking to modify the custody *designation*, such as joint legal custody to sole legal custody, the change must be substantial. **Prach**,

---

[7] "The finding of a change in circumstances is a threshold matter; *if* the trial court finds that a change of circumstances has occurred, then the court must take the additional step of determining whether a modification to the prior decree is in the child's best interests." **Tienter**, 482 S.W.3d at 488-89.

[8] For example, our Courts have applied this standard where the modification sought is to a term in the custody *arrangement*, such as changes in the parenting time schedule or to the Child's mailing address. **Ndiaye v. Seye**, 489 S.W.3d 887, 893 (Mo. App. W.D. 2016).

455 S.W.3d at 516. "A 'custody' designation refers to joint legal custody, sole legal custody, joint physical custody, and sole physical custody." ***Morgan v. Morgan***, 497 S.W.3d 359, 364 (Mo. App. E.D. 2016). "Joint legal custody"

> means that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority[.]

§ 452.375.1(2). "Joint physical custody"

> means an order awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents[.]

§ 452.375.1(3). Custody designation modifications are "drastic" modifications and require a substantial change in circumstances to justify. ***Ndiaye***, 489 S.W.3d at 894.

While the "change in circumstances" standard is rooted in statute, the "substantial change in circumstances" standard is rooted in case law. *See* ***Russell***, 210 S.W.3d at 194 ("The idea that a change must be 'substantial' remains from the earlier era when a change in judgment was governed by judicial notions of respect for judgments embodied in the doctrine of *res judicata.*"). This heightened standard is applied to custody designation modifications because:

> such a modification "is premised upon a change in the factual underpinning of the original judgment; [and] in such

8

circumstances it is fitting for courts to respect the finality of such judgments and to be unwilling to alter such judgments fundamentally without a showing that the change in circumstances is indeed substantial."

*Ndiaye*, 489 S.W.3d at 893 (quoting ***Russell***, 210 S.W.3d at 194).

*Are the Modifications Sought by Father a Change to the Custody Arrangement or Custody Designation?*

Here, Father sought two modifications: (1) a change in the parenting schedule to reduce driving time; and (2) a change to give him final decision-making authority over Child's healthcare decisions if he and Mother could not agree on Child's healthcare. Since neither modification sought a change to the custody designation, the proper standard for both is the "change" in circumstance standard set out in section 452.410.1.

*a. Modification to the Parenting Schedule*

Missouri law is clear that when a party seeks to modify the parenting schedule, the plain language of section 452.410.1 controls and a party need not prove a "substantial" change in circumstances.

> The requirement that the change be substantial is no longer appropriate where simple shifts in parenting time are at issue. Courts should not require a "substantial" change from the circumstances of the original judgment where the modification sought is simply a rearrangement in a joint physical custody schedule.

***Russell***, 210 S.W.3d at 197. Father's request to modify the parenting schedule to reduce driving time was simply a request to rearrange the joint physical custody schedule. It was not a request to change the custody designation. For that reason, the proper standard was "a *change* . . . in the

9

circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." § 452.410.1 (emphasis added).

*b. A Modification to Give Father Final Decision-making Authority over Child's Healthcare*

Missouri law is less clear as to what standard should apply to Father's request to have final decision-making authority over Child's healthcare. "Joint legal custody" means "the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority[.]" § 452.375.1(2). Father's sought-after modification raises an interesting question. If one party has the ultimate say in a child's healthcare decisions, do the parents truly "share" those decision-making rights? Is that type of modification a *de facto* award of sole legal custody?

At least one Missouri case has held that an award of joint legal custody which gives one parent final decision-making authority in the event the parents cannot agree is not a *de facto* award of sole legal custody. *See **S.K.B.- G. by & through J.P.G. v. A.M.G.**,* 532 S.W.3d 231, 240 (Mo. App. E.D. 2017). At least one more suggests that giving one parent final decision- making authority is not inconsistent with a "joint legal custody" designation. *See **Rallo v. Rallo**,* 477 S.W.3d 29, 36 (Mo. App. E.D. 2015) (affirming joint

10

legal custody award where wife had final decision-making authority if the parties could not agree on decisions about the children). And we agree with those cases based on the language of the statute defining "[j]oint legal custody" since the statute uses the phrase " unless allocated, apportioned, or decreed[.]" § 452.375.1(2). If those rights could not be "allocated, apportioned, or decreed" to one parent, our general assembly would not have used that phrase in the statute. "We presume the legislature does not create useless or superfluous language in its statutes." *Mottet v. Director of Revenue*, 635 S.W.3d 862, 865 (Mo. App. W.D. 2021). Thus, a modification seeking to give one parent final decision-making authority in the event the parties cannot agree on healthcare treatment is not a request to change the custody designation from joint legal custody to sole legal custody.

Father's proposed modification to give him final decision-making authority over Child's healthcare if the parties cannot agree is not a request to change the custody designation. Per the terms of Father's proposed modification, the parents "shall share joint legal custody of [Child]." Both parents would still share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of Child. It would only change how disagreements between Mother and Father would be resolved if they could not agree on Child's medical treatment. Because Father sought to change only a term of the joint legal custody arrangement and not the original custody designation (i.e., joint legal custody), the proper

11

standard was a "change" in circumstances rather than a "substantial" change in circumstances.  Here, the trial court applied a higher burden than Father was required to meet under the statute.  Father's point 1 is granted.

## Conclusion

The trial court's denial of Father's amended motion is reversed.  We remand with instructions for the trial court to determine if a change of circumstances occurred, and if so, whether modification of the prior decree is in Child's best interests.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

DON E. BURRELL, J. – Concurs in separate opinion

12



# Missouri Court of Appeals
## Southern District

### In Division

BRANDON SCHIESSWOHL,        )

                            )

        Appellant,           )        No. SD38173

                            )

v.                       )        **Filed:  August 29, 2024**

                            )

BOBBI SPAIN,              )

                            )

        Respondent.        )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Matthew R. Kasper, Judge

## <u>CONCURRING OPINION</u>

Bound to follow our high court's opinion in ***Russell v. Russell***, 210 S.W.3d 191, 194 (Mo. banc. 2007), I concur in the well-reasoned analysis set forth in the principal opinion.  I write separately only to question whether it should be necessary, or is appropriate, for the circuit court to have to determine whether a particular modification to a child custody decree requires a "change in circumstances" or a "substantial change in circumstances."

As applicable to this case, the governing statute directs that

> the court shall not modify a prior custody decree unless . . . it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that *a change* has

1

occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Section 452.410.1 (emphasis added).[1]

Over the past eight years, our supreme court has declared that "when construing statutes, this Court may not 'add or subtract words from a statute or ignore the plain meaning of the words that are there.'" ***Roland v. St. Louis City Bd. of Election Comm'rs***, 590 S.W.3d 315, 323 (Mo. banc 2019) (quoting ***Dickemann v. Costco Wholesale Corp.***, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018)), and ***Macon Cnty. Emergency Servs. Bd. v. Macon Cnty. Comm'n***, 485 S.W.3d 353, 355 (Mo. banc 2016) ("This Court will not add words to a statute").

When ***Russell***, in 2007, held that a modification of child custody (not just a change in parenting time) must be based upon a *substantial* change of circumstances, the Court, contrary to its more recent directions in ***Roland***, ***Dickemann***, and ***Macon***, effectively added a word ("substantial") that is not in section 452.410. And the legislature has demonstrated that it knows how to heighten the standard required to seek a modification of a domestic relations judgment as it did so in regard to modifications of child support and maintenance, both of which specifically require "a substantial change in circumstances[.]" *See* section 452.370 and ***Crowell v. Crowell***, 742 S.W.2d 244, 246 (Mo. App. S.D. 1987) (in enacting section 452.370, "[t]he legislature . . . intended to require a stricter standard for modification of a decree of dissolution than was formerly required") (quoting ***Calicott v. Calicott***, 677 S.W.2d 953, 955 (Mo. App. S.D. 1984)).

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016.

Thus, while I concur in the principal opinion, I also urge our high court to revisit *Russell* and its progeny in light of the Court's more recent jurisprudence on statutory construction as set forth in *Roland*, *Dickemann*, and *Macon*.

DON E. BURRELL, J. – CONCURRING OPINION AUTHOR